ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)     PAGE 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

**FILED**
SEP 02 2014
DAVID CREWS, CLERK
By _____ Deputy

KENNTH HARRIS
**Plaintiff**

v.     CASE NO. 4:14CV128-DMB-JMV

NATIONAL HOTEL AN CASINO ILC;
**Defendant**

**COMPLAINT**

1. The Plaintiff's full legal name, the name under which the Plaintiff was sentenced, the Plaintiff's inmate identification number, the Plaintiff's mailing address, and the Plaintiff's place of confinement are as follows:

    A. Legal name: KENNTH HARRIS

    B. Name under which sentenced: none

    C. Inmate identification number: none

    D. Plaintiff's mailing address (street or post office box number, city, state, ZIP): P.O.B. 379 FRIARS POINT, MS.

    E. Place of confinement: ZIP → 38631-0379

2. Plaintiff names the following person(s) as the Defendant(s) in this civil action:

    Name: _____

    Title (Superintendent, Sheriff, etc.): _____

    Defendant's mailing address (street or post office box number, city, state, ZIP) _____

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)  PAGE 4

> **Special Note**: Attach to this Complaint as exhibits complete copies of all requests you made for administrative relief through the grievance system, all responses to your requests or grievances, all administrative appeals you made, all responses to your appeals, and all receipts for documents that you have.

8. If you checked "No" in Question 6, explain why you did not use the grievance procedures or system:

9. Write below, as briefly as possible, the **facts** of your case. Describe how **each** Defendant is involved. Write the names of all other persons involved. Include dates and precise places of events. Do not give any legal argument or cite any legal authority. If you have more than one claim to present, number each claim in a separate paragraph. Attach additional pages only if necessary; label attached pages as being continuations of Question 9.

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)    PAGE 2

Name:

Title (Superintendent, Sheriff, etc.):

Defendant's mailing address (street or post office. box number, city, state, ZIP)

Name:

Title (Superintendent, Sheriff, etc.):

Defendant's mailing address (street or post office box number, city, state, ZIP)

Name:

Title (Superintendent, Sheriff, etc.):

Defendant's mailing address (street or post office box number, city, state, ZIP) — 2450 N. POWERLINE RD, POMPANO BEACH, FL. 33069-1051

(If additional Defendants are named, provide on separate sheets of paper the complete name, title, and address information for each. Clearly label each additional sheet as being a continuation of Question 2).

3. Have you commenced other lawsuits in any other court, state or federal, dealing with or pertaining to the same facts that you allege in this lawsuit or otherwise relating to your imprisonment?  ☐ Yes  ☒ No

4. If you checked "Yes" in Question 3, describe each lawsuit in the space below. If there is more than one lawsuit, describe the additional lawsuit(s) on separate sheets of paper; clearly label each additional sheet as being a continuation of Question 4.

   A. Parties to the lawsuit:

   Plaintiff(s): KEN

   Defendant(s):

   B. Court:                    C. Docket No.:

   D. Judge's Name:             E. Date suit filed:

   F. Date decided:             G. Result (affirmed, reversed, etc.):

5. Is there a prisoner grievance procedure or system in the place of your confinement?  ☐ Yes ABOUT VAIL NOT CONFINEMENT  ☐ No

6. If "Yes," did you present to the grievance system **the same facts and issues** you allege in this complaint? (See question 9, below).  ☐ Yes  ☐ No

7. If you checked "Yes" in Question 6, answer the following questions:

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)  PAGE 5

10. State **briefly** exactly what you want the court to do for you. Do not make legal arguments. Do not cite legal authority.

This Complaint was executed at (location): _____

and I declare or certify or verify or state under penalty of perjury that this Complaint is true and correct.

Date: 8/18/14

Kenneth Harris
Plaintiff's Signature

STATEMENT OF FACT[S] AND STATEMENT OF CLAIM];

PLAINTIFF STATES THAT ON OR ABOUT [ 8-29-2013 ] THE DEFENDANTS FIRDED HIM ILLEGALY AND DEED MAKE AND ALLAGATION THAT THE PLAINTIFF STAYED TO LONG THEN HIS BRAKE OK; BE YEE AWEAR THAT THE DEFENDANTS CAN NOT PRODUCE NO TAPE VIDOES OF PLAINTIFF, STATES THAT EXHIBIT [ B ] SHOW TIS ISUSE OF TAPE REFUSE OR DENYED PLAINTIFF STATES THAT HE ARE AWARE THAT THE DEFENDANTS CAN NOT PRODUCE A TAPE DUE TO THE FACT THAT THE DEFENDAQNTS LIEED ABOUT THE FACTS THAT WERE USE TO FIRE [ED] HIM THE PLAINTIFF; MR. KENNETH HARRIS NO TAPE CASE IS OVER;

STATEMENT OF CLAIM;

PLAINTIFF SEEK DAMAGE[S] IN THE SUM OF $ 1 MILLION AND $ 500.000 DOLLARS; AND THAT A CORDLY TO THE FACTS SET FORTH THAT THE PLAINTIFF HAS A SUMMERY JUDGEMENT CLEARLY AND THE WILL SEE THAT AQ SETTLEMENT IN INJ ORDER;

SWORN AFFADAVIT
U.S.C. § 1746

*Kenneth Harris*
KENNETH HARRIS

I, *Kenneth Harris* SWORN ALLAGATION SET FORTH UNDER OATH Sworn TO THIS 27 th DAY OF August 2014;

-----------------------------------------

# MISSISSIPPI DEPARTMENT OF EMPLOYMENT SECURITY

P.O. Box 1699
Jackson, Mississippi 39215-1699

" EXHIBIT - B "

Docket No. 159253

KENNETH HARRIS
PO BOX 379
FRIARS POINT MS 38631-0379



CINDY THIESS
NATIONAL HOTEL & CASINO SERVICES LLC
2450 N POWERLINE RD STE 7
POMPANO BEACH FL 33069-1051

Office of
Administrative Hearings And Appeals

## ADMINISTRATIVE LAW JUDGE DECISION

ALLAN D SHACKELFORD
ATTORNEY AT LAW
PO BOX 267
CLARKSDALE MS 38614-0267

SERVICE INFORMATION:

A true and accurate copy of this decision was mailed to each of the parties listed.

| ALJ | Mississippi Department of Employment Security \|M\|D\|E\|S\|<br>**ADMINISTRATIVE LAW JUDGE DECISION** |  |
|---|---|---|

Date Mailed: 12/26/2013                                                                                              Docket Number: 159253

### PARTIES INVOLVED

**APPELLANT**

Claimant SSN: \*\*\*-\*\*-4401
KENNETH HARRIS
PO BOX 379
FRIARS POINT MS  38631-0379

**OPPONENT**

MDES EAN: 24-24434-0-00
NATIONAL HOTEL & CASINO SERVICES LLC
2450 N POWERLINE RD STE 7
POMPANO BEACH FL  33069-1051

### CASE HISTORY

The claimant timely appealed a determination of the Mississippi Department of Employment Security which concluded that the claimant was discharged for misconduct connected with the work.

A telephonic hearing before the Administrative Law Judge was held on 12/09/2013 at which the claimant, the employer representative and the claimant's Attorney participated.

### ISSUE

The issues to be considered in this case are whether the claimant is entitled to benefits based on the reason for separation from employment, and whether the employer's experience rating record is chargeable for benefits which may be paid to the claimant.

### FINDINGS OF FACT

Based upon the record and testimony, the Administrative Law Judge finds as follows:

The claimant was employed 11 months as a floor cleaner by National Hotel & Casino Services LLC., Lula, Mississippi until August 29, 2013, when he was discharged for stealing time. The claimant performed services for the employer at a client casino.

The claimant was allowed a morning break of 15 minutes, 30 minutes for lunch and 15 minutes for an afternoon break.

The casino reported to the employer that the claimant was observed on surveillance video on August 21, 2013 entering the break area and not leaving this area for over 2 hours.

The claimant received a warning and a suspension. The casino reported to the employer that there surveillance video showed the claimant in the break area on August 28, 2013 for more than an hour. The claimant was discharged.

The claimant denies that he took breaks in excess of the time allowed.

### REASONING AND CONCLUSION

Section 71-5-513 A (1) (b) of the Mississippi Employment Security Law provides that an individual shall be disqualified for benefits for the week or fraction thereof which immediately follows the day on which he was discharged for misconduct connected with the work, if so found by the Department, and for each week thereafter until he has earned remuneration for personal services equal to not less than eight times his weekly benefit amount as determined in each case. Section 71-5-513 A (1) (c) provides that in a discharge case, the employer has the burden to establish the claimant was discharged for misconduct connected to the employment.

Section 71-5-355 of the Mississippi Employment Security Law provides, in part, that an employer's experience rating record shall be chargeable with benefits paid to a claimant, provided that an employer's experience rating record shall not be chargeable if the



13357
www.mdes.ms.gov

Mississippi Department of Employment Security is an equal opportunity employer.
Auxiliary aids and services are available upon request to individuals with disabilities.

R-01/2008

Page 2 of 4

Date Mailed: 12/26/2013                                                                                                  Docket Number: 159253

Department finds that the claimant left work voluntarily without good cause connected with the work, was discharged for misconduct connected with the work, or refused an offer of available, suitable work with the employer.

In the Mississippi Supreme Court, in the case of Wheeler vs. Arriola, 408. 2d 1381 (Miss. 1982), the Court held that:

"The meaning of the term 'misconduct', as used in the Unemployment Compensation Statute, was conduct evidencing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of the standards of behavior which the employer has the right to expect from his employees. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertencies and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered 'misconduct' within the meaning of the Statute."

MDES Regulation 308: Mississippi Department of Employment Security Regulation 308. 00 provides that: A. For purposes of Mississippi Code Section 71-5-513, misconduct shall be defined as including but not limited to: 1. The failure to obey orders, rules or instructions, or failure to discharge the duties for which an individual was employed; a. An individual shall be found guilty of employee misconduct for the violation of an employer rule only under the following conditions: i. the employee knew or should have known of the rule; ii. the rule was lawful and reasonably related to the job environment and performance; and iii. the rule is fairly and consistently enforced. 2. A substantial disregard of the employers interests or of the employees duties and obligations to the employer; 3. Conduct which shows intentional disregard - or if not intentional disregard, utter indifference - of an employers interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of the employee; or 4. Carelessness or negligence of such degree or recurrence as to demonstrate wrongful intent.

The claimant was discharged for stealing time. In this case, the Administrative Law Judge was presented with personal testimony from the claimant and hearsay from the employer. In Williams v. MESC and Anderson Tully Company, 395 So. 2d 964 (1981), the Mississippi Supreme Court held the hearsay is not substantial evidence even though hearsay is admissible in administrative proceedings. Therefore, the employer has failed to show by clear and convincing evidence that the claimant was discharged for misconduct connected with the work as that term is defined. The claimant is not subject to disqualification under the Law. The decision of the Adjudicator will be cancelled.

**DECISION**

Reversed. If otherwise eligible, the claimant is entitled to the receipt of benefits. The employer's experience rating record is chargeable for benefits paid the claimant.

**Dated and mailed on 12/26/2013.**



Bob Cummings
Administrative Law Judge

13357
www.mdes.ms.gov

Mississippi Department of Employment Security is an equal opportunity employer.
Auxiliary aids and services are available upon request to individuals with disabilities.

Page 3 of 4

1 6 3 2 2 1 5 8
R-01/2008

Date Mailed: 12/26/2013                                       Docket Number: 159253

## APPEAL RIGHTS

This decision will become final on **01/09/2014**, which is fourteen (14) calendar days from the date this decision was mailed, unless you file an appeal with the Board of Review and/or request a rehearing of the case by **01/09/2014**. If you failed to appear at the initial hearing you should include the reasons you failed to attend. The Administrative Law Judge and/or the Board of Review may determine if good cause exists to grant any rehearing request. An appeal and rehearing request may be filed using one of the following methods:

| | |
|---|---|
| **Online:** | Visit www.mdes.ms.gov |
| Phone: | 601-321-6503 or 1-866-633-7041 |
| FAX: | 601-321-6238 or 1-877-994-6329 |
| Mail: | MDES Board of Review, PO Box 1699, Jackson MS 39215-1699 |

When an appeal is filed to the Board of Review, it will be considered on the record previously made and no hearing before the Board will be scheduled.

**Claimant Instructions:** Should an appeal be filed and you remain unemployed, you should continue to file weekly certifications until you receive a decision from the Board. In the event the Board finds in your favor, benefits will be paid only for those weeks that are filed, if otherwise eligible.



13357
www.mdes.ms.gov
Mississippi Department of Employment Security is an equal opportunity employer.
Auxiliary aids and services are available upon request to individuals with disabilities.
R-01/2008
Page 4 of 4




# Mississippi Department of Employment Security | M | D | E | S |
## BOARD OF REVIEW
## ACKNOWLEDGEMENT OF APPEAL FILED

Date Mailed: 01/02/2014

Docket Number: 159253

## PARTIES INVOLVED

**APPELLANT**

MDES EAN: 24-24434-0-00

NATIONAL HOTEL & CASINO SERVICES LLC
2450 N POWERLINE RD STE 7
POMPANO BEACH FL 33069-1051

**OPPONENT**

Claimant SSN: **-***-4401

KENNETH HARRIS
PO BOX 379
FRIARS POINT MS 38631-0379

## APPEAL INFORMATION

This is your notification that an appeal has been received by the MDES Board of Review. The Board will consider the appeal based upon the record on file. No hearing will be scheduled unless the Board, in its discretion, shall direct that a further hearing be scheduled.

If applicable, all other involved parties will receive a copy of the appeal for review.

The decision by the Board on this appeal, or notice of further hearing if directed by the Board, will be forthcoming.

13365
www.mdes.ms.gov

Mississippi Department of Employment Security is an equal opportunity employer.
Auxiliary aids and services are available upon request to individuals with disabilities.

16358161
R-07/2010

| BOR | Mississippi Department of Employment Security \|M\|D\|E\|S\| <br> **BOARD OF REVIEW DECISION** | |

Date Mailed: 01/31/2014  Docket Number: 159253

## PARTIES INVOLVED

**APPELLANT**

MDES EAN: 24-24434-0-00

NATIONAL HOTEL & CASINO SERVICES LLC
2450 N POWERLINE RD STE 7
POMPANO BEACH FL 33069-1051

**OPPONENT**

Claimant SSN: ***-**-4401

KENNETH HARRIS
PO BOX 379
FRIARS POINT MS 38631-0379

## CASE HISTORY

This matter came before the Board of Review for consideration of an appeal filed on 12/30/2013, regarding the decision of 12/22/2013 by an Administrative Law Judge of the Mississippi Department of Employment Security.

## DECISION

On 01/23/2014, after careful review and consideration of all the evidence, the Board of Review adopts the Findings of Fact and Opinion of the Administrative Law Judge and hereby affirms the decision.

SO ORDERED AND ADJUDGED, THIS THE 23 DAY OF JANUARY, 2014.

## APPEAL RIGHTS

An appeal may be filed in the Circuit Court in the county in which you reside by **02/20/2014**, which is 20 calendar days from the date this decision was mailed. Appeals filed by individuals or organizations not residing in Mississippi should be filed in the county where the employer resides, where the cause of action occurred, or in the county of employment.

Please send a copy of your appeal to:

MDES Legal Department, PO Box 1699, Jackson MS 39215-1699.

**Claimant Instructions:** Should an appeal be filed and you remain unemployed, you should continue to file weekly certifications until you receive a decision from the court. In the event the court rules in your favor, benefits will be paid only for those weeks you have filed, if otherwise eligible.

**Dated and mailed on 01/31/2014.**

800-669-4000



1430
www.mdes.ms.gov

Mississippi Department of Employment Security is an equal opportunity employer.
Auxiliary aids and services are available upon request to individuals with disabilities.

16592544
R-07/2010

RECEIVED

AUG 2 9 2014

Debra M. Brown
US District Judge

From: KENNETH HARRIS
P.O. BOX 379
Friars Point, MS.
38631

To: United Dist. Court
Northern Division
305 Main St.
Greenville, Ms. 38703