IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KENNETH HARRIS                                                                               PLAINTIFF

VS.                                                         CIVIL ACTION NO.: 4:14-cv-128-DMB-JMV

NATIONAL HOTEL AND CASINO, LLC                                                      DEFENDANT

## ORDER

This matter is before the court for a report and recommendation on the Defendant's Motion to Dismiss for Failure to State a Claim [27]. The court has considered the motion, and the undersigned finds it is meritorious. She will recommend to the district judge that the case be dismissed accordingly. But, in view of the plaintiff's *pro se* status, the motion will remain on the docket. Plaintiff will be allowed fourteen (14) days from the date hereof to amend his complaint to comply with the *Twombley* and *Iqbal* pleading standards. Should Plaintiff elect to amend his complaint, the court will reconsider its findings in light of the amended complaint. If Plaintiff does not amend his complaint to adequately state a claim against Defendant, it will be recommended to the District Judge that this case be dismissed on the Defendant's Motion to Dismiss for Failure to State a Claim.

## Facts

This lawsuit arises out of an employment dispute between Plaintiff Kenneth Harris and Defendant National Hotel and Casino. Specifically, Plaintiff alleges on or around August 29, 2013, he was illegally fired from his employment as a housekeeper at the Isle of Capri-Lula. Compl. [1] at 5. Defendant contends Plaintiff was discharged for misconduct connected with his work. Def.'s Mem. in Supp. of its Mot. to Set Aside Entry of Default [21] at 1. Plaintiff commenced this action by filing his complaint in federal court on September 2, 2014. Compl.

[1] at 1.  Specifically, he alleges he was fired because he stayed too long on his work break and Defendant cannot produce video tapes of the same.  *Id.*  The complaint does not state any causes of action brought against Defendant under federal or state employment law.  *Id.*  Plaintiff seeks damages in the sum of one million and five hundred dollars ($1,000,500.00).  *Id.* at 5.  Defendant filed a Motion to Dismiss for Failure to State a Claim on March 11, 2015.  Def.'s Mot. to Dismiss for Failure to State a Claim [27].

## Standard of Review

A pleading must contain a short and plain statement of the claim, showing the pleader is entitled to relief.  FED. R. CIV. P. 8(a)(2).  Motions to dismiss test the sufficiency of a plaintiff's complaint. *See Guthrie v. Tifco Inds.*, 941 F.2d 374, 379 (5th Cir. 1991).  To survive a motion to dismiss, plaintiffs are required to plead "enough facts to state a claim to relief that it is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Put differently, "[f]actual allegations must be sufficient to raise a non-speculative right to relief." *Colony Ins. Co. v. Peachtree Constr. Ltd.*, No. 09-11106, 647 F.3d 248 (5th Cir. July 19, 2011). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 51 U.S. 89, 93 (2007).  "A pro se complaint is to be construed liberally with all well-pleaded allegations taken as true." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).  However, a liberally construed *pro se* complaint must still

present enough facts giving rise to a claim on which relief may be granted. *Id.*; *see also Levitt v. University of Texas at El Paso*, 847 F.2d 221, 2254 (5th Cir. 1988). The court will evaluate the allegations' sufficiency based on the face of the plaintiff's complaint. *Johnson*, 999 F.2d at 100 (5th Cir. 1993).

## Analysis

Plaintiff fails to state a claim upon which relief may be granted. Rather, his complaint contains bald assertions, and the court cannot discern any legally cognizable claims alleged. The complaint simply states Plaintiff was fired, with no mention of any state or federal employment law violated. The complaint describes only the barest of facts and never states the grounds upon which relief is sought. Without such specificity, this court cannot find the complaint meets the plausible pleading requirement of *Twombley* and *Iqbal*, even if the complaint is liberally construed. Accordingly, this court cannot determine any grounds for which relief may be granted.

## Conclusion

In conclusion, this court will permit Plaintiff fourteen (14) days to craft a complaint stating a plausible cause of action against Defendant. The complaint must identify each cause of action asserted, and some facts, when viewed as true, from which the court can plausibility infer the cause of the action. If Plaintiff does not amend his complaint to adequately state a claim against Defendant, it will be recommended to the District Judge that this case be dismissed.

**SO ORDERED** this, the 14th day of April, 2015.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**